IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04-CR-00080-MR-WCM

UNITED STATES OF AMERICA, )
         Plaintiff, )
          )
vs. )
          )
ROGER CARL MCFARLAND, JR., )
         Defendant, )
and )
          )
DAIMLER TRUCKS NORTH AMERICA, )
LLC, )
         Garnishee. )
_____

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the "Employer Acknowledgment of Wage Withholding" (Doc. 150), filed by or on behalf of Daimler Trucks North America, LLC (the "Garnishee"), and the Government's Motion for Order of Continuing Garnishment (the "Motion," Doc. 151).

I.    Relevant Background

On June 2, 2005, Defendant was sentenced to a term of imprisonment of 26 months and a term of supervised release of three (3) years. Doc. 99. Defendant was also ordered to pay a $200.00 assessment and restitution in the amount of $105,197.55. Id.

On October 25, 2022, the Court issued a Writ of Continuing Garnishment

1

(the "Writ," Doc. 147).

The Government's documents indicate that a garnishment package containing the Writ and Instructions to Defendant was sent to Defendant by Federal Express on October 27, 2022 and received by Defendant on October 29, 2022. Docs. 151 at ¶ 4; 151-1.

A separate package was served on the Garnishee by certified mail on October 31, 2022. Id. at ¶ 4.

On February 16, 2023, the Garnishee's "Employer Acknowledgment of Wage Withholding" (the "Answer," Doc. 150) was filed.[1]

The Answer states that Defendant is actively employed by the Garnishee and that payments of approximately 25% of his disposable pay will be forwarded to the Clerk on a weekly basis. However, the Answer also states that Defendant "is subject to other liens" (though an accompanying page indicates that the judgment amount of his child support is $0.00) and that Defendant "does not earn enough to garnish at this time per federal minimum wage requirement or due to higher priority lien." The Answer also states that Defendant's disposable earnings "for this pay period" are in excess of $700.

No certificate of service was attached to the Answer. However, the

---

[1] This filing is shown on the docket as being an "Amended Answer," but no other answer of the Garnishee appears.

Government's filing indicates that the Government sent a copy of the Answer to Defendant by Federal Express and that it was received by Defendant on March 2, 2023. Docs. 151 at ¶ 7, 151-3.

By the Motion, the Government now seeks an Order of Continuing Garnishment.

## II. Legal Standards

When the Government commences an action to enforce a judgment through the postjudgment remedies described in the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, et seq., it must prepare, and the clerk of court must issue, a notice in substantially the same form as the notice that appears in 28 U.S.C. § 3202(b) (the "3202(b) Notice"). A copy of the application for the postjudgment remedy being sought, along with a copy of the 3202(b) Notice, is to be served by counsel for the Government on the debtor. 28 U.S.C. § 3202(c). Within 20 days after receiving the 3202(b) Notice, the debtor may request that the court hold a hearing and quash the order granting the Government's application. 28 U.S.C. § 3202(d).

In addition, when a garnishee responds to a writ of garnishment, the garnishee is to file its original answer with the court that issued the writ and to "serve a copy on the debtor and counsel for the United States." 28 U.S.C. § 3205(c)(4). The debtor or the United States may file a written objection to the

garnishee's answer and request a hearing "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5).

## III. Discussion

In this case, the record indicates that the garnishment materials were received by Defendant on October 29, 2022 and that the Garnishee's Answer was received by Defendant on March 2, 2023. The instant Motion was filed on March 24, 2023.

Defendant has made no objection to the garnishment materials and neither Defendant nor the Government has raised any objection to the Garnishee's Answer.

Further, Defendant has not made any filings in response to the Government's Motion, and the time for doing so has expired.

The Answer of the Garnishee is somewhat ambiguous in describing nonexempt property of Defendant held by the Garnishee. Nonetheless, as 28 U.S.C. § 3205(c)(7) requires a court to enter "an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest" in property held by the garnishee if no hearing is requested within the required time following the filing of the garnishee's answer, the undersigned will allow the Government's Motion.

4

Case 1:04-cr-00080-MR-WCM   Document 153   Filed 05/03/23   Page 4 of 5

IT IS THEREFORE ORDERED THAT:

1. The Government's Motion for Order of Continuing Garnishment (Doc. 151) is **GRANTED**; and an Order of Continuing Garnishment is **ENTERED** in the amount of $103,306.05, which is the balance of the debt as calculated through October 19, 2022, as represented by the Government.

2. The Garnishee is **DIRECTED** to pay the United States the maximum garnishment allowed pursuant to 15 U.S.C. § 1673, to the extent the Garnishee holds property in which Defendant has a nonexempt interest.

3. The payments shall continue until the subject debt is paid in full, until the Garnishee no longer has custody, possession, or control of any nonexempt property belonging to Defendant, or until further Order of the Court, whichever first occurs.

Signed: May 3, 2023

W. Carleton Metcalf
United States Magistrate Judge